

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# USA v. Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1992

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Miller" (2008). *2008 Decisions*. Paper 725.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/725

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1992
_____

UNITED STATES OF AMERICA

v.

DAVID MILLER,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 06-cr-00727)
District Judge:  Hon. Robert B. Kugler

_____

Submitted under Third Circuit LAR 34.1(a)
on April 11, 2008

Before:  SMITH, HARDIMAN and ROTH, <u>Circuit Judges</u>

Opinion filed: August 4, 2008

_____

O P I N I O N
_____

**ROTH,** <u>Circuit Judge</u>:

David Miller appeals the judgment of sentence imposed on him by the United States District Court for the District of New Jersey. The issues on appeal are the District Court's failure to rule explicitly on Miller's request for a variance and the reasonableness of the sentence. For the reasons set forth below, we will affirm the judgment of the District Court.

## I. **Background and Procedural History**

Because the facts are well known to the parties, we will discuss them only briefly here.

Miller pled guilty to two counts of distribution and possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Presentence Investigation Report indicated that the base offense level for such violations was 30, pursuant to U.S. Sentencing Guidelines § 2D1.1(c)(5). However, because Miller was determined to be a career offender within the meaning of U.S.S.G. § 4B1.1, which established a base level of 34 in his case, the offense level was determined pursuant to that provision rather than § 2D1.1. The Presentence Investigation Report identified multiple prior convictions, resulting in a criminal history category of VI.

In a letter brief to the District Court and at Miller's March 23, 2007, sentencing hearing, Miller's attorney requested a variance based on the differential in sentences imposed for offenses involving crack cocaine and sentences imposed for offenses involving powder cocaine. Pursuant to U.S.S.G. § 4B1.1, the Guidelines range for Miller's case was 188 to

2

235 months; if the offenses had involved powder cocaine, the Guidelines range would have been 151 to 188 months. Counsel for the government acknowledged that our decision in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), permitted the District Court to consider the difference between sentences for crack and powder offenses. However, the government argued that the sentence in this case was driven not by the Guidelines provisions for drug offenses, but rather by the Guidelines provisions for career offenders. The government noted that, under the provisions for career offenders, there is only a two-level difference between the base offense level for powder and that for crack. The government characterized the resulting difference in sentences as "quite small" and noted that the ranges for powder and crack offenses in fact overlapped in Miller's case.

A number of Miller's relatives spoke on his behalf at sentencing. Miller himself also addressed the District Court. Following counsel's arguments and the statements offered by Miller and his family, the District Court reviewed the § 3553 sentencing factors as they related to this case, including Miller's "horrific" criminal history, his drug addiction, and his repeated lack of respect for the law. The District Court concluded:

> I look very dimly on people who make a career out of hurting others and taking advantage of society in imposing themselves on other members of society and doing awful things you have done in life to other people.
>
> The Government is asking me to give you a sentence at the top of the Guidelines, which is almost 20 years, and there's no parole. . . .
>
> I am influenced by what your family has to say and I'm not going to give you the maximum.

The District Court sentenced Miller to 200 months imprisonment on each count, to be served concurrently, four years of supervised release and imposed a $200 special assessment. The District Court acknowledged, "[I]t's a long sentence. But . . . it would have been longer but for the intervention of your family." After announcing the sentence, the District Court asked Miller's counsel if she had anything further, and she replied that she did not.

Miller appealed. He contends that the District Court erred in failing 1) to rule on his request for a variance based on the crack/powder differential and 2) to consider the differential in determining his sentence, thereby rendering the sentence unreasonable.

## II. Analysis

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a sentence under an abuse-of-discretion standard. *Gall v. United States*, 128 S.Ct. 586, 597 (2007).

A district court has the discretion to consider the crack/powder differential incorporated into the Guidelines when imposing a sentence. *Kimbrough v. United States*, 128 S.Ct. 558, 575 (2007); *Gunter*, 462 F.3d at 248-49. Miller correctly points out that the District Court did not explicitly rule on his request for a variance based on the crack/powder differential. However, in light of the record in this case, we find no significant procedural error. The record is sufficient that we can determine whether the District Court abused its discretion. There is no evidence that the District Court erroneously believed that it could not consider the crack/powder differential in sentencing. The sentence was imposed after our

4

decision in *Gunter*, which Miller briefed in his request for a variance, and the holding of which the government acknowledged.

The record makes clear that, due to Miller's criminal history, the District Court determined that the maximum sentence should apply but for the intervention of Miller's family. The record indicates that the District Court was greatly concerned about Miller's past criminal conduct; this conduct, not the crack/powder differential, yielded the sentence, and, as the government argued before the District Court and this Court, the differential is lessened here by virtue of application of § 4B1.1.

Miller also argues that the District Court's apparent failure to consider the crack/powder differential rendered his sentence unreasonable. The record in this case demonstrates that the District Court adequately considered the § 3553(a) factors in sentencing. The District Court expressly acknowledged the need to examine the § 3553(a) factors and discussed those factors in turn.

Arguing that the District Court improperly failed to consider the crack/powder differential, Miller faults the District Court for finding that "disparity of sentence is not really an issue." However, we have explained that "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," is distinct from the contrast in crack/powder sentencing. *Gunter*, 462 F.3d at 239 n.1. The record suggests that the District Court was aware of its ability to consider the

5

crack/powder differential. We are satisfied that the District Court gave "meaningful consideration" to the § 3553 factors.

## III. **Conclusion**

For the reasons set forth above, we will affirm the judgment of the District Court.